# Exhibit A

STATE OF TEXAS            }
                          }            In re Travis Treviño Runnels
COUNTY OF POLK            }

## DECLARATION OF TRAVIS TREVIÑO RUNNELS

My name is Travis Treviño Runnels. I am a resident of Polk County, Texas. I am over the age of 18 and I am competent to make this declaration. All the facts stated here are within my personal knowledge.

1. My name is Travis Treviño Runnels. I am over the age of 18 and otherwise competent to give this affidavit.

2. I currently reside at the TDCJ Polunsky Unit in Livingston, Texas.

3. I was sentenced to death in the 320th Judicial District Court of Potter County, Texas on October 28, 2005.

4. I pleaded guilty to capital murder.

5. The State did not offer me a life sentence in exchange for my guilty plea.

6. The Judge did not hold any kind of hearing to determine whether I was competent to plead guilty, or whether I truly understood the consequences of my guilty plea.

7. The decision to plead guilty came after I discussed it with my attorneys. That discussion happened about two days before trial. It was not a very long discussion.

8. A few days before trial, Mr. Durham told me that we really did not have anything to fight a conviction at the guilt phase. Mr. Durham told me that the real fight would be in showing a jury at the punishment phase that I had a good side and that I could be rehabilitated. Mr. Durham's specific advice to me was to plead guilty if I wanted him to save my life.

9. I felt like the decision to plead guilty was more Mr. Durham's decision than my decision. I knew that Mr. Durham had many years of experience as a lawyer, and I deferred to what he thought was best for me.

10. The way I saw it, I believe that Ms. Hamilton, second chair, also deferred to what Mr. Durham thought was best for me. She sort of sidestepped the issue with me.

11. I pleaded guilty because I understood that Mr. Durham would put on a strong defense for me at the punishment phase, not because I wanted to be sentenced to death.

1



12. Before my trial, I tried to be involved in my defense. I wrote letters to my attorneys, Mr. Durham and Ms. Hamilton, asking them to involve me in my defense and offering them information that I thought would help them.

13. I provided names of character witnesses to the investigator, Kathy Garrison. By character witnesses, I mean people who could testify on my behalf at the punishment phase. These included at least 30 family members and at least 10 friends who reside in the Dallas area. I also offered information about my upbringing and my family history that I thought they would want to know for their investigation. /officers names who could testify as far as character, TR

14. I understood that by pleading guilty, my lawyers could still call witnesses in my defense at the punishment phase.

15. I expected my attorneys to call witnesses at the punishment phase. Mr. Durham told Judge Emerson that he would be calling witnesses. It came as a shock to me when my attorneys did not call any witnesses.

16. I remember at the hearing on the Motion for a New Trial about a month later, a juror even stated that she wished she would have heard witnesses testify on my behalf.

17. Overall, I felt like my trial was very rushed. I was sentenced to death within three days after my trial started.

I have read all 17 paragraphs of the above statement and I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct.

Executed on the 14 day of September 2007.

*Travis Treviño Runnels*   9-14-07

2