CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 MAR -8  AM II: 21

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TRAVIS TREVINO RUNNELS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 2:12-CV-0074-J-BB |
| RICK THALER, Director, | § | (death-penalty case) |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER DENYING MOTION FOR LEAVE

Travis Trevino Runnels has filed a Petition for Writ of Habeas Corpus ("Petition," doc. 17) and a Motion for Leave to file the petition as a preliminary petition, subject to amendment and supplementation. ("Motion for Leave," doc. 18). In the motion for leave, petitioner also requests the Court "defer" these proceedings until the United States Supreme Court issues a decision in *Trevino v. Thaler*, No. 11-1018, 133 S. Ct. 524 (2012). Respondent Thaler opposes the motion for leave and the request to defer. ("Response," doc. 20). For the reasons set out in Respondent's opposition and as set forth below, the motion for leave and request to defer are DENIED.

Generally speaking, a habeas petitioner procedurally defaults his claims in federal court when he fails to exhaust all available state remedies and the state court to which he would be required to petition would now find the claim procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Bledsue v. Johnson*, 188 F.3d

250, 254 (5th Cir. 1999). A federal court may nevertheless review a procedurally defaulted claim if the petitioner establishes either (1) cause and prejudice for failure to raise the unexhausted claim at the state level or (2) that the failure to consider the claim on the merits would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Under *Coleman*, an attorney's errors in state habeas proceedings could never establish cause to excuse procedural default. *See id.* at 752-54.

In *Martinez v. Ryan*, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), the Supreme Court recognized a limited exception to *Coleman* where state habeas counsel's ineffectiveness results in the procedural default of an ineffective-assistance claim against trial counsel. It held that, "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S. Ct. at 1320. The Fifth Circuit does not apply *Martinez* to Texas inmates because "Texas habeas procedures do not mandate that ineffectiveness claims be heard in the first instance in habeas proceedings." *See Ibarra v. Thaler*, 687 F.3d 222, 227 (5th Cir. 2012).

On February 25, 2013, the United States Supreme Court heard argument in *Trevino v. Thaler*, a federal habeas case that challenges the Fifth Circuit's interpretation of *Martinez* in relation to Texas cases. Runnels asks the Court to "defer" these proceedings until the *Trevino* opinion issues and, in the event the Supreme Court decides that *Martinez* applies to Texas inmates, grant him leave to supplement or amend his petition.

To be clear, the *Martinez* exception applies only with respect to procedurally defaulted ineffective-assistance claims against trial counsel.  There are no such claims in this petition. Ground 1 contains an ineffective-assistance claim against trial counsel based on *Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003), but neither Runnels nor Respondent asserts that Ground 1 is procedurally defaulted.  On the contrary, Runnels argues the state court adjudicated the claim on the merits, albeit unreasonably.  *Petition* at 22; *see* 28 U.S.C. § 2254(d).  Thus, even if the Supreme Court were to hold that *Martinez* applies to Texas inmates, the claim asserted against trial counsel in this case would not benefit from it.  *See Brown v. Thaler*, 684 F.3d 482, 489 n.4 (5th Cir. 2012) (noting that *Martinez* does not assist Brown's argument where state court considered the ineffective-assistance claim against trial counsel on the merits) .

Nevertheless, Runnels maintains that he has raised a colorable *Martinez* claim in his second ground for relief.  Ground 2 asserts that state habeas counsel–not trial counsel–rendered ineffective assistance by failing to complete psychological testing on Runnels and failing to meaningfully participate in the state habeas hearing.  *Petition* at 26.  When read together with the motion for leave, the petition appears to conclude that state habeas counsel's deficient representation entitles him, under *Martinez*, to a hearing and resources with which to relitigate the Ground 1 *Wiggins* claim against trial counsel.  *Petition* at 24; *Brief in Support of Motion for Leave* at 3.

First, to the extent that Ground 2 possibly asserts ineffective assistance of state-habeas counsel as a separate basis for habeas relief, it is clearly prohibited by 28 U.S.C. § 2254(i).[1] Second, to the extent Runnels seeks to broaden the application of *Martinez* to claims *not* procedurally barred, such as Ground 1, he provides no authority for doing so nor does he present the specifics of any anticipatory argument he would present based on *Trevino*. Runnels argues only that *Trevino* will provide "definitive guidance" on the "potentially dispositive question in [this] case: whether the ineffective assistance of state habeas counsel may serve as cause to excuse an alleged procedural default." *Brief in Support of Motion for Leave* at 7. But, as noted above, neither Runnels nor Respondent has asserted that the ineffective-assistance claim against trial counsel in Ground 1 is procedurally defaulted.

Thus, without acknowledging it seeks to do so, Runnels's motion actually appears to attempt to expand *Martinez* to allow relitigation of claims against trial counsel that were developed, raised, and decided on the merits in state habeas court. Runnels even concedes that 28 U.S.C. § 2254(e)(2) would likely prohibit an evidentiary hearing under these very circumstances because the factual basis of the claim has allegedly not been developed in state court due to counsel's negligence.[2] *Petition* at 27; *see Williams v. Taylor*, 529 U.S. 420, 432-33, 120 S. Ct.

---

[1] Section 2254(I) provides, "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

[2] 28 U.S.C. § 2254(e)(2) provides:

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–

    (A) the claim relies on–
        (i) a new rule of constitutional law, made retroactive to cases on

4

1479, 146 L. Ed. 2d 435 (2000).  Runnels provides no basis for overriding § 2254(e)(2) other

than *Martinez* itself, and, contrary to Runnels's theory, the majority opinion in *Martinez* makes

its limited application very clear:  "The rule of *Coleman* governs all but the limited circum-

stances recognized here."  *Martinez*, 132 S. Ct. 1320.

 Finally, as a purely practical matter, the Court cannot prospectively grant permission to

file an amended or supplemental petition, sight unseen, without assessing its timeliness in

relation to the expiration of the limitations period.  *See Mayle v. Felix*, 545 U.S. 644, 650, 125 S.

Ct. 2562, 162 L. Ed. 2d 582 (2005) (holding that an amended habeas petition does not relate

back, and escape the AEDPA's limitations deadline, when it asserts a new ground for relief

supported by facts that differ in both time and type from the original pleading); *e.g., United

States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) (recognizing that new claims of ineffective

assistance do not automatically relate back to original petition).  The rules for filing amended and

supplemental habeas pleadings are found in Federal Rule of Civil Procedure 15.  *See* 28 U.S.C. §

2242 (providing that habeas petitions may be amended as provided by the rules of civil proce-

dure).  Runnels is free to submit any amended or supplemental claims that he believes may fall

within the realm of *Martinez* and *Trevino*, with a motion for leave to file, for the Court's

consideration under Rule 15.

---

collateral review by the Supreme Court, that was previously unavailable; or
  (ii) a factual predicate that could not have been previously discovered
through the exercise of due diligence; and

  (B) the facts underlying the claim would be sufficient to establish by clear and
convincing evidence that but for constitutional error, no reasonable fact finder would
have found the applicant guilty of the underlying offense.

In sum, Runnels has failed to identify any procedurally barred claim that would be impacted if the *Martinez* exception is held to apply to Texas cases. He also provides no authority for expanding the *Martinez* exception to non-barred claims. The Court DENIES Runnels's present request to suspend these proceedings and allow further amendment following the Supreme Court's decision in *Trevino*. The Court will rule on any motion for leave to amend if and when it is filed, briefed, and is ripe for adjudication.

**IT IS SO ORDERED.**

ENTERED this _8th_ day of March, 2013.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

6