IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TRAVIS TREVINO RUNNELS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 2:12-CV-0074-J |
| WILLIAM STEPHENS, Director, | § | (death-penalty case) |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE

On March 28, 2016, Travis Trevino Runnels filed his objections to the report and recommendation of the United States Magistrate Judge. (*Petitioner's Objections*, Doc. 38.) On March 29, 2016, Respondent also filed objections to the report and recommendation. (*Respondent's Objections*, Doc. 39.) The above-entitled matter having come before this Court on consideration of said objections, and following a *de novo* review of Runnels's Petition for Writ of Habeas Corpus and related papers filed in this cause, it is the opinion of the Court that such objections be denied in all respects. The Court further finds that the findings and conclusions of the Magistrate Judge are correct and adopts them as the findings and conclusions of the Court.

### I.

In overruling Runnels's objections, the Court emphasizes that the state trial judge conducted an evidentiary hearing on Runnels's habeas corpus allegations that Mr. Durham's failure to present a mitigation case was the result of ineffective assistance. Durham's co-counsel, Laura Hamilton, testified on the matter, as did the trial investigator, Kathy Garrison, who also provided her extensive

notes and records from the trial. The state judge made findings that are given deference in a federal habeas proceeding unless they are shown to be unreasonable in fact or law. *See* 28 U.S.C. § 2254(d). (2 SHCR 7.) The state court found that Mr. Durham had secured the presence of Runnels' mother, father, and grandmother at the courthouse for trial and had intended to present testimony from the grandmother, at least. The state court further found that when Garrison went to retrieve them from the courthouse hallway, the family could not be found. Garrison then called the family and learned they had left the city by motor vehicle and refused to return to trial, telling her there was nothing they could do to help Runnels. (2 SHCR 12.) These findings are supported by the testimony of Garrison and Hamilton at the state habeas hearing. (2 SHRR 23, 32-33, 36, 41, 66-67.)

Runnels particularly objects to the Magistrate Judge's conclusion that the family witnesses left the courthouse without telling Mr. Durham. He proposes, rather, that Mr. Durham gave "no thought" toward a mitigation case aimed at humanizing him. In support of this theory, he points to Mr. Durham's testimony on the motion for new trial that, at the time he (Durham) moved for an instructed verdict on the future-dangerousness special issue, he was "flying by the seat of [his] pants." (19 RR 23.) Runnels interprets this remark as an admission by Mr. Durham that he was essentially operating on instinct because he had not prepared a mitigation case. Runnels asserts that there is no evidence in the record showing *why* the family witnesses left the courthouse. As noted above, however, the testimony of Garrison and Hamilton indicates otherwise and supports the state court's ruling.

As a secondary argument, Runnels complains that, although Garrison conducted a thorough investigation into his background, she did not have the qualifications to diagnose psychological issues. The state court made findings, which are supported by the record, that the defense caused

Runnels to be examined by a psychiatrist, Lisa Clayton, and a psychologist, Richard Fulbright. (2 SHRR 10-12, 16-17, 58; 1 CR 68, 69.) The state court found that, based on the reports of these two professionals, the defense concluded their testimony would not benefit Runnels and opted not to call the experts as witnesses. (2 SHCR 9; 2 SHRR 12.) Thus, the defense did not rely on Garrison as a mental health expert, but retained a psychiatrist as well as a psychologist.

## II.

Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. Runnels has failed to show that reasonable jurists (1) would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

## III.

The Court DENIES the objections filed by Petitioner Runnels and Respondent.

The Court ADOPTS the findings and conclusions of the Magistrate Judge.

The Court DENIES a certificate of appealability.

IT IS SO ORDERED.

Signed this 31st day of March, 2016.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE